# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1356**
**KA 10-00460**
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

MICKEY WILLIAMS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Richard C. Kloch, Sr., A.J.), entered March 17, 2010 pursuant to the 2009 Drug Law Reform Act. The order denied defendant's application to be resentenced upon defendant's 1995 conviction of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (three counts).

It is hereby ORDERED that the order so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Defendant appeals from an order denying his application for resentencing pursuant to CPL 440.46, the 2009 Drug Law Reform Act. We conclude that the record is insufficient to support the determination of Supreme Court that defendant was ineligible for resentencing on the ground that his 1976 conviction of robbery in the second degree (Penal Law § 160.10) constituted an "exclusion offense" as defined in CPL 440.46 (5) (a) (i). We agree with defendant that the record fails to establish "the time of commission of the previous felony" and whether the court properly calculated the look-back period of 10 years as tolled by defendant's periods of incarceration (CPL 440.46 [5] [a]). Although defendant failed to preserve those contentions for our review (*see* CPL 470.05 [2]), we nevertheless exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Further, we are unable to conclude on the record before us whether defendant's prior conviction of robbery in the second degree was a second violent felony offense rendering him ineligible for resentencing pursuant to CPL 440.46 (5) (b). We therefore reverse the order, and we remit the matter to Supreme Court to determine the date on which defendant committed the prior offense of robbery in the second degree and to

calculate the periods for which defendant was incarcerated after that offense in order to determine if that offense constituted an exclusion offense pursuant to CPL 440.46 (5) (a) (i).  Upon remittal, the court must also determine whether that offense was a second violent felony offense that constitutes an exclusion offense pursuant to CPL 440.46 (5) (b).

Entered:  December 23, 2011                    Frances E. Cafarell
                                              Clerk of the Court